UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONAL FIRE INSURANCE CO. OF HARTFORD, SUCCESSOR BY MERGER TO TRANSCONTINENTAL INSURANCE COMPANY<br>Plaintiff, | : | |
| v. | : | Case No. |
| VIRGINIA SURETY COMPANY,<br>Defendant. | : | CA 08 237 T |

## COMPLAINT

## PARTIES

1. Plaintiff is an insurance company authorized to do business in the State of Rhode Island and with a principal place of business located in the city of Chicago, State of Illinois.

2. Defendant is an insurance company authorized to do business in the State of Rhode Island and with a principal place of business in New York City, State of New York.

## JURISDICTION

3. Jurisdiction is found at 28 USC § 1332(a), this being an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs and the incident which forms the coverage determination occurred in Providence, Rhode Island.

## GENERAL ALLEGATIONS

4. On or about March 8, 2004, William Henkel was employed by Eagle-Cornice, Co., Inc. ("Eagle Cornice") as a sheetmetal worker.

5. On March 8, 2004, on behalf of Eagle Cornice, Mr. Henkel was on scaffolding preparing roofing work as part of a dormitory construction project for Providence College in Providence, Rhode Island.

6. On March 8, 2004, Mr. Henkel fell from the scaffolding from which he was working.

7. As a result of the events described in the preceding paragraphs, Mr. Henkel suffered personal injuries, financial loss and endured pain and suffering.

8. As a result of his personal injury, Mr. Henkel filed a lawsuit in Providence Superior Court against the project's general contractor, Dimeo Construction Company ("Dimeo"). (A copy of the Complaint is attached as **Exhibit 1**.)

9. At the time of the incident, Eagle Cornice was a subcontractor of Dimeo.

10. During the course of the underlying lawsuit, Dimeo impleaded Eagle-Cornice as a third-party defendant.

11. At the time of the incident, Dimeo had also contracted with Grande Masonry, LLC ("Grande") to provide scaffolding and masonry services at this project.

12. The construction contract entered into between Dimeo and Grande specified that Grande had to procure insurance so as to have Dimeo named "as additional primary insureds on a non-contributory basis."

13. Grande, in turn, contracted with Brand Scaffolding Co., ("Brand") to provide the scaffolding needed for the masonry and other work at the project.

14. As of March 8, 2004, Defendant Virginia Surety Company ("Virginia Surety") was providing general liability insurance for Dimeo.

15. The policy provided by Virginia Surety to Dimeo provided general liability coverage, including coverage for incidents such as Mr. Henkel's fall, in the amount of $1,000,000.

16. As of March 8, 2004, Defendant, Virginia Surety was also providing general liability insurance to Grande.

17. Although Dimeo and Grande are separate and distinct corporate entities, and entered into a written agreement between them for their contractual construction duties, they are companies who share some of the same principals and ownership.

18. Additionally, Dimeo and Grande are mutually insured on one liability insurance policy provided by Defendant.

19. On March 8, 2004, Plaintiff was providing insurance through Eagle-Cornice to Dimeo under an "additional insured" endorsement. (See the attached as **Exhibit 2**.)

20. Because of the aforementioned policy of insurance, Plaintiff provided a defense and indemnification to Dimeo under a reservation of rights. (See attached letter as **Exhibit 3**.)

21. The aforementioned endorsement applied to indemnity only with respect to circumstances of liability vicariously imposed upon Dimeo as a result of the negligence of Eagle-Cornice.

22. Prior to trial, the parties in the underlying suit agreed to enter into mediation to take place in Providence, Rhode Island.

23. As a result of the pending mediation, Plaintiff advised Dimeo that it needed to re-engage Defendant, Virginia Surety, its own insurer, to participate in the settlement of the case.

24. Defendant was also advised by Plaintiff that pursuant to the Plaintiff's reservation of rights, there was no basis upon which indemnity would be triggered by the Plaintiff's policy.

25. Plaintiff further informed Defendant that there appeared nothing in its defense of Dimeo to invalidate Defendant's obligation to cover and indemnify Dimeo.

26. Nevertheless, Defendant refused to participate in or contribute in any way to the mediation.

27. At the time of mediation, in the exercise of good faith, Plaintiff elected to settle the underlying case on behalf of Dimeo and preserve its declaratory action against Defendant as a result of Defendant's refusal to discharge its policy obligations.

28. As a result, the Plaintiff agreed to pay $375,000 on behalf of Dimeo (see mediator's letter attached as **Exhibit 4**) to settle Mr. Henkel's underlying claim.

29. A review of the underlying personal injury case brought by Mr. Henkel shows that there is no basis by which Dimeo's liability would be vicariously imposed.

30. Defendant was and continues to be obligated to defend, indemnify and/or contribute based on the liability of Dimeo as outlined in the aforementioned paragraphs.

31. Pursuant to Rhode Island's Business Regulations, Division of Insurance: Insurance Regulation 73-Unfair Property/Casualty Claim Settlement Practices Regulation:

> *Section 5. Miscellaneous obligations of insureds – a. an insurer shall fully disclose to its Insured all pertinent benefits, coverages or other provisions of a Policy under which a claim has been presented.*
>
> *Section 6. Standards for Prompt Fair and Equitable Settlements – c. insurers shall not fail to settle claims filed by a First Party Claimant on the basis that responsibility for payment should be assumed by others except as is expressly provided by policy provisions.*

32. Plaintiff made tenders and entered into the discussions to advise Defendant what it was doing on behalf of Dimeo despite the fact that Defendant delegated its authority in handling of its claim to Plaintiff.

33. Defendant consistently failed to respond in any fashion to the notices extended on behalf of the Plaintiff and has refused to contribute or participate in the defense and resolution of this matter.

## COUNT I – DECLARATORY RELIEF

34. The allegations set forth in Paragraphs 1 through 33 are incorporated fully as if set forth herein.

35. Defendant, through the obligations set forth in its policy of insurance for Dimeo and Grande (see Certificate and Endorsement attached as **Exhibit 5**), was obligated to provide insurance coverage for those insured as a result of the personal injury of William Henkel.

36. Defendant continuously refused to provide coverage or to participate in the settlement efforts.

WHEREFORE, Plaintiff requests this Honorable Court declare the rights and obligations of the parties in accordance with the insurance policies at question including all sums to which Plaintiff is entitled under each of the policies for the indemnification and defense it provided to Dimeo, including but not limited to the settlement payment of $375,000, together with costs and reasonable attorneys fees.

## COUNT II – BREACH OF CONTRACT

37. The allegations set forth in Paragraphs 1 through 36 are incorporated herein as if fully set forth.

38. There exists a contractual relationship between Defendant and Dimeo and between Defendant and Grande as a result of the policy of the insurance.

39. There exists a contractual relationship between the Plaintiff and Eagle-Cornice and between the Plaintiff and Dimeo as a result of the policy of insurance.

40. By failing to participate in the defense and/or indemnification of Dimeo and by failing to participate in the settlement conference or contribute to the settlement efforts, Defendant has breached its contract to its insured.

41. As a result of Defendant's refusal to participate in the defense and resolution of the underlying case, Defendant has breached its contract with Plaintiff as a third-party beneficiary of the aforementioned agreements.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that exceeds the jurisdictional requirements of this Court together with interest, costs, attorneys' fees and other such relief as appropriate in the circumstances.

## COUNT III – BREACH OF THE COMMON LAW DUTY OF GOOD FAITH IN FAIR DEALING

42. The allegations set forth in Paragraphs 1 through 41 are incorporated herein as set forth again in full.

43. Defendant had an obligation under the common law of the State of Rhode Island to handle, manage and respond to Dimeo's defense and indemnification as a result of the personal injuries suffered to Mr. Henkel in a manner that complies with the Defendant's common law duty of good faith and fair dealing.

44. By virtue of its acts and omissions complained of in this action, including its failure to comply with the provisions of Rhode Island's Unfair Claims Settlement Practices Act, R.I.G.L. § 27-9.1-4, as well as failing to comply with Insurance Regulation 73, Defendant has breached its duty as more fully described in the preceding paragraphs.

45. As a direct and proximate result of the Defendant's breach of this duty, Plaintiff has suffered damages and has been made to provide a defense and indemnification to which it had no obligation and to which contribution should have been provided by Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages recoverable under the laws of the State of Rhode Island for the matter set forth herein together with punitive or exemplary damages, interest and cost.

**COUNT IV – UNJUST ENRICHMENT**

46. The allegations set forth in Paragraphs 1 through 45 are incorporated herein as set forth again in full.

47. Defendant had an obligation under the common law of the State of Rhode Island to handle, manage and respond to Dimeo's defense and indemnification as a result of the personal injuries suffered to Mr. Henkel in a manner that complies with the Defendant's common law duty of good faith and fair dealing.

48. Defendant has breached its duty as more fully described in the preceding paragraphs.

49. Defendant has been unjustly enriched as a result of its breach of its insuring obligation.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages recoverable under the laws of the State of Rhode Island for the matter set forth herein together with punitive or exemplary damages, interest and cost.

**COUNT V – INEQUITABLE CONDUCT AND EQUITABLE CONTRIBUTION**

50. The allegations set forth in Paragraphs 1 through 49 are incorporated herein as set forth again in full.

51. As a direct and proximate result of the inactions undertaken by Defendant, Plaintiff has been compelled to resolve a matter for which Defendant should have been providing coverage, including a defense and indemnification.

52. As a direct result of Defendant's intentional, inequitable conduct Defendant has been unjustly enriched and from which Plaintiff seeks equitable contribution.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages recoverable under the laws of the State of Rhode Island for the matter set forth herein together, including but not limited to equitable contribution of the Defendant, with punitive or exemplary damages, interest and cost.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

For the Plaintiff,
By its counsel

Todd D. White

TODD D. WHITE #5943
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
T: (401) 274-7200
F: (401) 351-4607
Dated: June 13, 2008

456292_1