UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONAL FIRE INSURANCE CO. OF HARTFORD, SUCCESSOR BY MERGER TO TRANSCONTINENTAL INSURANCE COMPANY, Plaintiff | ) | |
| v. | ) | CA08-237T |
| VIRGINIA SURETY COMPANY, Defendant | ) | |

**DEFENDANT VIRGINIA SURETY COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

**FIRST DEFENSE**

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiff to prove the same.

2. The defendant denies the allegations contained in paragraph 2.

**JURISDICTION**

3. The defendant denies the allegations contained in paragraph 3.

**GENERAL ALLEGATIONS**

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and calls upon the plaintiff to prove the same.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and calls upon the plaintiff to prove the same.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and calls upon the plaintiff to prove the same.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and calls upon the plaintiff to prove the same.

8. The defendant admits the allegations contained in paragraph 8.

9. The defendant admits the allegations contained in paragraph 9.

10. The defendant admits the allegations contained in paragraph 10.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and calls upon the plaintiff to prove the same.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and calls upon the plaintiff to prove the same.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and calls upon the plaintiff to prove the same.

14. The defendant admits the allegations contained in paragraph 14.

15. The defendant denies the allegations contained in paragraph 15.

16. The defendant admits the allegations contained in paragraph 16.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the plaintiff to prove the same.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and calls upon the plaintiff to prove the same.

19. The defendant admits that on March 8, 2004 plaintiff was providing insurance coverage to Dimeo under an "additional insured endorsement". Defendant denies that the insurance was "through Eagle-Cornice".

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and calls upon the plaintiff to prove the same.

21. The defendant denies the allegations contained in paragraph 21.

22. The defendant admits the allegations contained in paragraph 22.

23. The defendant denies the allegations contained in paragraph 23.

24. The defendant denies the allegations contained in paragraph 24.

25. The defendant denies the allegations contained in paragraph 25.

26. The defendant denies the allegations contained in paragraph 26.

27. The defendant denies the allegations contained in paragraph 27.

28. The defendant denies the allegations contained in paragraph 28.

29. The defendant denies the allegations contained in paragraph 29.

30. The defendant denies the allegations contained in paragraph 30.

31. The defendant admits the allegations contained in paragraph 31.

32. The defendant denies the allegations contained in paragraph 32.

33. The defendant denies the allegations contained in paragraph 33.

**COUNT I – DECLARATORY RELIEF**

34. The defendant repeats and realleges its responses to paragraphs 1 through 33 as fully set forth herein.

35. The defendant denies the allegations contained in paragraph 35.

36. The defendant denies the allegations contained in paragraph 36.

WHEREFORE, the defendant demands that the plaintiff's Complaint against it be dismissed and that judgment enter for the defendant together with its costs.

**COUNT II - BREACH OF CONTRACT**

37. The defendant repeats and realleges its responses to paragraphs 1 through 36 as fully set forth herein.

38. The defendant admits the allegations contained in paragraph 38.

39. The defendant admits the allegations contained in paragraph 39.

40. The defendant denies the allegations contained in paragraph 40.

41. The defendant denies the allegations contained in paragraph 41.

WHEREFORE, the defendant demands that the plaintiff's Complaint against it be dismissed and that judgment enter for the defendant together with its costs.

**COUNT III – BREACH OF THE COMMON LAW DUE OF GOOD FAITH IN FAIR DEALING**

42. The defendant repeats and realleges its responses to paragraphs 1 through 41 as fully set forth herein.

43. The defendant admits the allegations contained in paragraph 43.

44. The defendant denies the allegations contained in paragraph 44.

45. The defendant denies the allegations contained in paragraph 45.

WHEREFORE, the defendant demands that the plaintiff's Complaint against it be dismissed and that judgment enter for the defendant together with its costs.

**COUNT IV – UNJUST ENRICHMENT**

46. The defendant repeats and realleges its responses to paragraphs 1 through 45 as fully set forth herein.

47. The defendant admits the allegations contained in paragraph 47.

48. The defendant denies the allegations contained in paragraph 48.

49. The defendant denies the allegations contained in paragraph 49.

WHEREFORE, the defendant demands that the plaintiff's Complaint against it be dismissed and that judgment enter for the defendant together with its costs.

**COUNT V – INEQUITABLE CONDUCT AND EQUITABLE CONTRIBUTION**

50. The defendant repeats and realleges its responses to paragraphs 1 through 49 as fully set forth herein.

51. The defendant denies the allegations contained in paragraph 51.

52. The defendant denies the allegations contained in paragraph 52.

WHEREFORE, the defendant demands that the plaintiff's Complaint against it be dismissed and that judgment enter for the defendant together with its costs.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

And further answering, the defendant states that the Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction.

### THIRD DEFENSE

And further answering, the defendant states that the Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### FOURTH DEFENSE

And further answering, the defendant moves that the Complaint be dismissed, insofar as the plaintiff has participated in the transactions which gave rise to the relief sought by the plaintiff.

### FIFTH DEFENSE

And further answering, the defendant states that no actual controversy has arisen between the parties.

### SIXTH DEFENSE

And further answering, the defendant states that the plaintiff has waived the claims it purports to assert.

### SEVENTH DEFENSE

And further answering, the defendant states that the plaintiff is estopped from the relief it seeks.

### EIGHTH DEFENSE

And further answering, the defendant states that the plaintiff is not defendant's insured and that plaintiff therefore has no claim against the defendant.

**NINTH DEFENSE**

And further answering, the defendant says to the extent that it had any obligations to plaintiff, such obligations have been fully, completely and properly performed in every respect.

**TENTH DEFENSE**

And further answering, the defendant claims that plaintiff never disclaimed coverage to its insured.

**ELEVENTH DEFENSE**

And further answering, the defendant says the Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(3) for improper venue.

**TWELFTH DEFENSE**

And further answering, the defendant says that the Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 19 and Fed. R. Civ. P. Rule 12 (b)(7) for failure to join an indispensable party.

**THIRTEENTH DEFENSE**

And further answering, the defendant says that the Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12 (b)(6) for failure to state a claim upon which relief may be granted based upon Plaintiff's lack of standing.

**FOURTEENTH DEFENSE**

And further answering, the defendant says that the Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12 (b)(6) for failure to state a claim upon which relief may be granted based upon a lack of privity.

**JURY CLAIM**

DEFENDANT DEMANDS A TRIAL BY JURY TO THE FULLEST EXTENT ALLOWED BY LAW.

The defendant,
VIRGINIA SURETY COMPANY
By its attorneys,

/s/ Donna M. Lamontagne

Donna M. Lamontagne (#5138)
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 421-7110

## CERTIFICATION OF SERVICE

I hereby certify that on the 27th day of August, 2008, I caused the within Answer to be e-filed with the United States District Court for the District of Rhode Island and a true copy to be mailed to: **Todd D. White, Esq**., Adler, Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903, via first-class pre-paid postage.

/s/ Donna M. Lamontagne
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.